Nov. Term,

CRONKHITE *v.* THE STATE.

**1858.**

CRONKHITE
v.
THE STATE.

Indictment as follows: "State of *Indiana, Warren* county. *Warren* Circuit Court, *October* term, 1855. The grand jury of *Warren* county charge that *L. S. C.*, on, &c., at, &c., did in a rude, insolent, and angry manner, unlawfully touch and beat *C. F.*, with intent then and there, purposely, and with premeditated malice, to kill and murder the said *C. F.*, by then and there shooting said *F.* with a pistol, loaded," &c.

*Held,* 1. That the omission of a formal statement of the names of the parties, and of the crime charged, was immaterial.

2. That an assault and battery with intent to murder was well charged.

APPEAL from the *Benton* Circuit Court.

*Friday,*
*December* 10.

WORDEN, J.—The appellant was indicted for assault and battery with intent to murder, in the *Warren* Circuit Court. A change of venue was taken to the *Benton* circuit, and, in the latter, he was tried and convicted of the assault and battery, and fined and imprisoned.

At the proper time, there was a motion to quash the indictment, and, also, at the proper time, a motion in arrest of judgment. These motions were made, "upon the ground that the indictment does not contain a title to the action, or parties and cause of action; and upon the ground that the indictment is only for an assault and battery."

The indictment is as follows, viz.:

"State of *Indiana, Warren* county. *Warren* Circuit Court, *October* term, 1855.

The grand jury of *Warren* county charge that *Levi S. Cronkhite,* on the 11th day of *July,* in the year of our Lord one thousand eight hundred and fifty-five, at the county and state aforesaid, did, in a rude, insolent, and angry manner, unlawfully touch and beat *Caleb Frame,* with intent, then and there, purposely, and with premeditated malice, to kill and murder the said *Caleb Frame,* by then and there shooting the said *Frame* with a certain pistol loaded with ball and powder, and held in the hand of said *Cronkhite.*"

The law prescribing forms in criminal actions (2 R. S. p. 356) has been held void for defect in the title. *The State* v. *Wilson,* 7 Ind. R. 516.

It is provided by statute that "The indictment or information must contain—

*First.* The title of the action, specifying the name or the Court to which the indictment or information is presented, and the names of the parties.

*Second.* A statement of the facts constituting the offense, in plain and concise language, without repetition." 2 R. S. p. 367, § 54.

In connection with the above provision, we must consider §§ 60, 61, of the same law. They provide—

[1.] That the indictment or information shall be deemed sufficient if it can be understood therefrom—

"*First.* That the indictment was found by the grand jury of the county, &c.

" *Second.* That the defendant is named, or described, &c., as a person whose name is unknown to the grand jurors, &c.

" *Third.* That the offense was committed within the jurisdiction of the Court, or is triable therein.

"*Fourth.* That the offense charged is clearly set forth in plain and concise language, without repetition; and,

"*Fifth.* That the offense charged is stated with such a degree of certainty, that the Court may pronounce judgment upon a conviction, according to the right of the case."

[2.] That no indictment, &c., may be quashed or set aside for any of the following defects:

" *First.* For a mistake in the name of the Court or county, in the title thereof.

" *Second.* For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment or information.

" *Third.* That dates and numbers are represented by figures.

" *Fourth.* For an omission of any of the following allegations, viz.: "With force and arms"—"contrary to the form of the statute," or, "against the peace and dignity of the state of *Indiana.*"

" *Fifth.* For an omission to allege that the grand jurors were impanneled, sworn, or charged.

"*Sixth.* For any surplusage, or repugnant allegation, when there is sufficient matter alleged, to indicate the crime and person charged; nor, ·

"*Seventh.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Nov. Term, 1858.

CRONKHITE
v.
THE STATE.

The indictment in this case contains no *formal* title specifying the names of the parties, or the crime charged; but we think the name of the Court is sufficiently indicated.

The omission, however, of such *formal* statement of the names of the parties and the crime charged, we think is not at all material. The statute does not require the title of the cause to specify the crime charged; and the indictment on its face indicates, as fully as if it were set out in a formal title, that the prosecution is by the state of *Indiana*, against the accused. It is clear that none of these defects or imperfections "tend to the prejudice of the substantial rights of the defendant upon the merits."

In this respect the indictment is precisely similar to what appears to have been the one in *Dillon* v. *The State*, 9 Ind. R. 408, which was held good.

The objection that the indictment contains a charge of assault and battery only, we think is equally groundless. The charge is, that the assault and battery was perpetrated by the defendant, "with intent, then and there, purposely and with premeditated malice, to kill and murder," &c. This corresponds with the statutory description of the crime of murder in the first degree, and is sufficient.

Two errors only are assigned—

1. ·The refusal of the Court to quash the indictment.

2. The refusal to arrest the judgment.

What has been already said, disposes of both of them.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the appellant.

*J. L. Miller*, for the state.