STONE *v.* THE STATE. Three Cases.

CRIMINAL LAW.—*Indictment.—Qualifications of Grand Jurors.*—That an indictment does not show that the grand jury presenting it was composed of persons possessing the statutory qualifications is immaterial, the caption showing the indictment to have been found by the grand jury of a county named, in the circuit court of such county, and the record reciting that the grand jurors were sworn as required by law.

SAME.—*Name of Grand Juror.*—Among the names of the grand jurors in the record was "A. J. Moore," and the record recited that "Andrew J. Moore" was appointed foreman.

*Held*, that there was nothing in the objection, that the names of the members of the grand jury were not, for this reason, sufficiently set out.

SAME.—*Name Unknown.—Evidence.*—Where an indictment states that the Christian, or "given" name of the defendant is unknown to the grand jury, and there is no proof of the allegation on the trial, there can be, no conviction.

SAME —*Liquor Law.—Evidence.*—A person having purchased liquor in a store room from one who stated that it must not be drank there, opened a door and stepped into a shed attached to the store room building, placed the bottle of liquor and tumblers furnished by the seller on a box found there, and, when the liquor had been drank, left the tumblers on the box, and passed back through the store room to the street, the entire premises belonging to a third person, the store room, but not the shed, being rented by the seller.

*Held*, that the seller suffered the liquor to be drank in his house within the intent of the statute.

APPEAL from the Jefferson Circuit Court.

RAY, J.—Indictment for selling intoxicating liquors, not having been licensed to engage in the traffic. Motion to quash overruled. The grounds of the motion are, 1. That the indictment does not show that the grand jury presenting the indictment was composed of persons possessing the statutory qualifications. In the caption it is shown that the indictment is found by the grand jury of Jefferson county in the Jefferson Circuit Court. This is sufficient. *Weinzorpflin* v. *The State*, 7 Blackf. 186. The record before us recites that the grand jurors were sworn as required by law.

2. That the names of the members of the grand jury are not sufficiently set out. The record includes "A. J. Moore"

among the grand jurors, and recites that Andrew J. Moore
was appointed foreman. There is nothing in the objection.

There was a trial, and finding for the State. A motion
for a new trial was overruled. The indictment charges the
appellant as "one Stone whose given name is to the jurors
unknown." Our statute requires the names of the parties
to be stated, or the person to be described as one whose
name is unknown to the grand jury. 2 G. & H. 400, sec-
tions 54 and 60. In *Commonwealth* v. *Stoddard* 9 Allen,
280, it was held that where the name of the person injured
was unknown to the grand jury, it may be so alleged in the
indictment, but the proof must correspond with the allega-
tion, and unless the traverse jury are satisfied that the name
was unknown to the grand jury, the defendant is not to be
convicted. In this case there is no proof on the subject,
and the jury could not form any conclusion as to the truth
of the averment that the Christian name of the defendant
was unknown to the grand jury. For this failure of proof
the case must be reversed.

The indictment charges the sale of liquor, and that it was
suffered by defendant to be drank in his house, or in his
shed. The proof was, that defendant having sold the liquor
in his store room, stated that it must not be drank there.
The purchaser opened a door and stepped into a shed at-
tached to the store room building, and found there a dry
goods box, on which he placed the bottle and tumblers fur-
nished him by the defendant. He left the tumblers on the
box in the shed and passed back through the store room
into the street, when the liquor had been drank. There
was proof that the entire premises were owned by a third
party, and that the defendant had rented the store room,
but not this shed.

We think, however, the jury could fairly infer from the
evidence that the shed was in fact under the control of the
defendant, and that he suffered the liquor to be drank there-
in, and that it did in fact form part of his house within the
intent of the statute.

The judgment is reversed, and the cause remanded for a new trial.

The same cause for reversal exists in *Stone* v. *The State,* No. 1222, *Same* v. *Same,* No. 1223, and the same entry will be made.

*E. R.* and *J. L. Wilson,* for appellant.

*D. E. Williamson,* Attorney General, for the State.