## MILLER *v*. THE STATE.

CRIMINAL LAW.—*Motion to Require Prosecutor to Elect Between Counts of Indictment.*—There is no error in overruling a motion to require the prosecuting attorney to elect on which count of an indictment, containing more than one count, he will put the defendant on trial.

SAME.—*Forgery.*—*Evidence.*—Proof that a defendant had in his possession, and uttered and published as true, a commercial instrument with the forged endorsement of the name of the payee thereon, does not raise the presumption that the defendant made the forged endorsement.

From the Marion Criminal Circuit Court.

*J. C. Green, J. C. Pearson* and *J. S. Campbell,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

WORDEN, J.—The appellant was indicted for forgery, the indictment containing two counts. The first charged him with having forged the name of Calvin Mullen upon the back of a draft drawn by the First National Bank of Xenia, Ohio, upon the First National Bank of Cincinnati, Ohio, for the sum of eight hundred dollars, payable to the order of said Calvin Mullen.

The second count charged him with having uttered and published as true a forged and counterfeit endorsement of said draft, purporting to be the endorsement upon the same of the name of said Calvin Mullen.

The defendant moved to quash each count, but the motion was overruled. Each count, it seems to us, was good.

The defendant moved to require the prosecutor to elect on which count he would put the defendant on trial, but the motion was overruled. Doubtless the court might, in its discretion, have required the election to have been made, but there was no error in refusing to do so. *Mershon* v. *The State, ante,* p. 14.

On the trial, there was a general verdict of guilty, and the defendant was sent to the State's prison for the term of eight years.

Several reasons were stated for a new trial, but we deem it necessary to notice one only. The court instructed the jury, amongst other things, as follows:

"If it is shown that the endorsement is forged, and that the defendant had in his possession and passed said check, with the forged endorsement thereon, the presumption arises that the defendant made the endorsement; and unless that presumption is explained and rebutted, it will be sufficient evidence to warrant you in coming to the conclusion that the defendant made such indorsement."

The charge thus given was radically wrong. The draft or bill of exchange, being endorsed by the payee in blank, would pass from hand to hand by delivery, without any further endorsement, so as to vest the title in each successive holder. The count charging the defendant with having uttered and published the forged endorsement as true, necessarily contained the allegation that the defendant knew the endorsement to have been forged at the time he uttered and published it as true. 2 G. & H. 446, sec. 30. The *scienter* is a necessary ingredient of the offence charged in the second count, and the allegation must be supported by competent evidence.

Now, it might happen that a bill, thus apparently endorsed by the payee in blank, might pass through innocent hands, and it cannot be the law that each person through whose hands such a bill might pass, the endorsement turning out to be a forgery, is to be presumed, *prima facie*, to have made the forged endorsement.

If the instruction be correct, then it follows that, while on a charge of uttering and publishing as true any such forged endorsement a party could not be convicted without averment and proof of the *scienter*, yet he might be convicted on a charge of the forgery of the endorsement without any other proof than the mere uttering and publishing as true of the forged endorsement.

We do not think it can be laid down as a rule of law that the uttering and publishing as true of a commercial instru-

ment, with the name of the payee forged thereon, raises a presumption that the person uttering and publishing is guilty of forging the endorsement. On a charge of the forgery of the name, the uttering and publishing are circumstances to be considered by the jury, with any other evidence bearing on the question of the forgery, and what weight shall be given to the uttering and publishing is to be determined by the jury, in the same manner as they determine the weight of other evidence in criminal cases.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for a return of the prisoner.