DORMAN v. THE STATE.

CRIMINAL LAW.—*Supreme Court.*—*Practice.*—*New Trial.*—Where the evidence given on the trial of a cause is not in the record, the Supreme Court, on appeal, will not, ordinarily, consider the action of the lower court in overruling a motion for a new trial.

SAME.—*Grand Jury.*—*Judicial Notice.*—The Supreme Court of this State takes judicial notice of the different terms of the circuit court of a county, for which its several grand juries have been selected by its board of commissioners.

SAME.—*Selection of Grand Jury.*—*Filling Vacancies in.*—Where, either on being first assembled, or, having been assembled and discharged, on being reassembled by order of court, any or all of the members of a grand jury fail to appear, the court may direct it to be filled from bystanders, even though the selection of such grand jury by the board of commissioners was irregular.

SAME.—*Irregularity.*—*Plea in Abatement.*—Irregularity in the selection of a grand jury, not amounting to corruption, is not ground for a plea in abatement of an indictment found by them.

SAME.—*Practice.*—*Immaterial Issue.*—Where the issue tendered by such plea is immaterial, the court should disregard it and find thereon for the State, even though, without demurrer and on issue joined, the allegations of such plea be proved.

From the Hendricks Circuit Court.

*T. J. Cofer* and *N. W. Taylor*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—At the January term, 1877, of the court below, the appellant was indicted by the grand jury of

said court, for selling intoxicating liquor in a less quantity than a quart at a time, without being licensed so to do under the laws of this State. At the March term, 1877, of said court, the appellant filed a special plea in writing, duly verified, in abatement of the indictment against him; and to this plea the appellee replied by a general denial. Upon the issue thus joined, there was a trial by the court below, and a finding for the appellee.

And the appellant, having been arraigned on said indictment, for plea thereto, said, that he was not guilty as therein charged. The issue thus joined was tried by a jury in the court below, and a verdict was returned, finding the appellant guilty as charged, and assessing his fine at twenty-five dollars.

The appellant, on written causes, moved the court below for a new trial on his special plea in abatement, and also, in like manner, for a new trial on his plea of not guilty; each of which motions was overruled by the court, and to each decision the appellant excepted. And the court below rendered a judgment on the verdict.

In this court, the appellant has assigned the following alleged errors of the court below:

1st. In overruling appellant's motion for a new trial, on his special plea in abatement; and,

2d. In overruling his motion for a new trial, on his plea of not guilty.

The second alleged error presents no question for our consideration. The evidence on the issue tendered by the plea of not guilty was not made part of the record; and, besides, this alleged error is not even alluded to, in the argument of this cause by appellant's counsel, in this court.

The first alleged error calls in question the correctness of the decision of the court below, in overruling the appellant's motion for a new trial of the issue joined on his plea in abatement. In this plea in abatement, the appellant alleged, in substance, that, at the [first?] regular session

of the board of commissioners of Hendricks county, in the year 1876, said board and the clerk of the court below drew and selected the following named persons to constitute the grand jury for the January term, 1877, of said court, to wit: Henry Bradford, and five others, naming them; that, on the twenty-first judicial day of said January term, the judge of the court below made the following order, to wit: "The court being of the opinion that a necessity exists for calling the grand jury of the present term, it is therefore ordered, that said grand jury be resummoned for attendance on to-day. And now the sheriff of said county calls the names of said jurors, to wit, William H. Calvert, William H. Cash, James S. Lynn, Davis Boswell, John G. Adams, and Jesse F. Elrod, when the following appeared, William H. Calvert, William H. Cash, John G. Adams, and Jesse F. Elrod; and because the remainder of said jurors failed to appear, others from the bystanders are selected by said sheriff, by the order of the court, to wit, William H. Bunten and John C. Hill, in all six reputable freeholders of the county of Hendricks, and State of Indiana, who are empanelled, and sworn and charged by the court. And the court now appoints William H. Calvert foreman of the grand jury;" and the appellant further said, that the indictment in this case was found and returned into court against said appellant, by the persons last named, empanelled and charged as aforesaid; that said persons last named were illegally, and without authority of law, empanelled and charged as the grand jury of said term of said court; and that the indictment in this case was returned against the appellant, by said last named persons, illegally, and wholly without authority of law. Wherefore, etc.

By the evidence adduced upon the trial, on appellant's plea in abatement, it would seem, that among those who were summoned and called by the sheriff as the grand jury of the court below, for its January term, 1877, there were only two persons who had been drawn and selected

Dorman *v.* The State.

according to law, as members of said grand jury. But we take judicial notice of the fact, that the persons so drawn and selected were drawn and selected to constitute the grand jury of the court below, not only for the January term, 1877, but also for the preceding September term, of said court; and, indeed, this fact was shown by appellant's evidence. Now, it may well have happened, at said September term of the court below, when the grand jury was empanelled for that term, that of the persons drawn and selected, according to law, to constitute the grand jury of said court, for that and the ensuing January term, all were either absent or excused from service except the two persons aforementioned; in which event, the court below would have been fully authorized by law to complete the number from the bystanders. 2 R. S. 1876, p. 375, sec. 15, and p. 418, sec. 10. In our opinion, the grand jury, when thus completed, would be the legal grand jury of the court for that and the succeeding term of the court, even though all the members thereof had not been drawn and selected as such by the county board and clerk, as provided by law.

It seems to us, that the issues tendered by appellant's plea in abatement, in this case, were wholly immaterial. At the very utmost, nothing more was charged in this plea, than an irregularity in the selection of the grand jury, which found the indictment against the appellant. The plea contained no charge of any such irregularity in the selection of the grand jury, as could, in the opinion of any court, amount to corruption. By the express provisions of the 12th section of a statute of this State in relation to grand jurors, approved March 4th, 1852, it was and is provided, as follows:

"Sec. 12. No plea in abatement or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to

corruption, in which case such plea or objection shall be received." 2 R. S. 1876, p. 419.

Under this section, it is clear, we think, that appellant's plea in abatement, in this case, was not well taken, and ought not to have been received. It is claimed, however, by appellant's counsel, that, because the appellee did not demur to his plea, but joined issue thereon, therefore the sufficiency in law of his plea can not now be questioned; and that, as the facts stated in the plea were substantially established by the evidence on the trial, the court below should have found for the appellant on his plea, and rendered judgment in his favor. We do not concur in this conclusion. As we have seen, appellant's plea in abatement was not well taken, and the issues tendered thereby were utterly immaterial. In such a case, the court below did right, in our opinion, to disregard the evidence and to find for the appellee on appellant's insufficient plea.

In the case of *The Western Union Telegraph Co.* v. *Fenton*, 52 Ind. 1, it was held by this court, that where an issue of fact has been joined upon an immaterial and insufficient paragraph of answer, and the same has been sustained by sufficient evidence, the court may " disregard the issue, and find for the plaintiff, although the immaterial facts thus alleged by the defendant might be proved." It seems to us, that the doctrine of the case cited may well be applied to such special pleas, in criminal cases, as do not affect the guilt or innocence of the defendant.

In our opinion, the court below did not err, in overruling appellant's motion for a new trial of the issue joined on his plea in abatement.

The judgment of the court below is affirmed, at the costs of the appellant.