### THE STATE *v.* DUFOUR.

CHANGE OF VENUE FROM JUDGE.—*Appointment of Judge Pro Tempore.— Constitutional Law.—Criminal Law.*—The act of March. 7th, 1877, Acts 1877, Reg. Sess., p. 28, in so far as it authorizes the judge of a court, on a change of venue from him, to appoint a judge *pro tempore,* is constitutional.

CRIMINAL LAW.—*Compelling State to Elect.—Judicial Discretion.—Supreme Court.*—The discretion of a court, in compelling the prosecuting attorney to elect upon which of several counts of an indictment he will try the defendant, is to be exercised in accordance with enlightened views and judicial precedents; and, unless such discretion is abused, the decision of that court will not be revised by the Supreme Court.

SAME.—*Harmless Error.*—Where, under the counts upon which the pros-

ecuting attorney elects to try the defendant, evidence of the facts charged in the other counts is admissible, error in compelling such election is harmless..

SAME.— *Formal Averments of Indictment.*—Where the record of the cause sufficiently shows, and the first count of the indictment sufficiently alleges, the merely formal facts of the finding and return of the indictment into the proper court by the proper grand jury, while the remaining counts merely allege, as to such formal matters, that " the grand jurors aforesaid, upon their oaths aforesaid, do further present," etc., the fact that the prosecuting attorney elects to abandon the first count does not render the other counts bad for want of such formal averments.

SAME.—*Forgery of Certificate of Acknowledgment of Conveyance.*—An indictment predicated upon the alleged forging and uttering of a certificate of acknowledgment of the execution of a deed conveying certain lands, with intent to defraud the owner of the land or his heirs, assumes the validity of the conveyance itself, as between the grantor and grantee, and is insufficient. On this point BIDDLE, J., dissents.

From the Switzerland Circuit Court.

*T. W. Woollen*, Attorney General, *J. O. Cravens*, Prosecuting Attorney, and *J. B. McCrellis*, for the State.

*S. Carter*, *W. R. Johnston*, *J. A. Works* and *J. D. Works*, for appellee.

BIDDLE, J.—The indictment in this case contains nine counts, variously charging the appellee with forgery in making and uttering a deed conveying certain lands, and with forging and uttering the certificate of acknowledgment by a justice of the peace, appended thereto.

A change of venue was prayed for by the appellee from, and granted by, the presiding judge, who appointed John D. Haynes as judge *pro tempore*, to try the case.

On motion of the appellee, the State's attorney was then required to elect on which of the counts in the indictment he would go to trial. Under this requirement, he elected to try the appellee on the third, fourth, seventh and ninth counts.

The appellee next moved to quash the several counts in the indictment, which motion was sustained as to each

of the counts on which the prosecuting attorney had elected to put the appellee upon trial.

To each of these rulings the State reserved exceptions, and appealed, and has assigned errors in this court accordingly.

1. The appellant makes no objection to the sufficiency of the affidavit for a change of venue, nor to the mode of appointing the judge *pro tempore*, nor to his qualifications; but insists, that there is no valid law under which such an appointment could be made, for want of constitutional power in the Legislature to enact it. Acts 1877, Reg. Sess., p. 28.

The constitutionality of such a law was disputed in the case of *Starry* v. *Winning*, 7 Ind. 311, and settled in its favor.

Since that decision, such appointments have been so frequently and uniformly upheld by this court, that we do not deem it necessary to cite the cases.

2. It is insisted, at length and with ability, on behalf of the appellant, that the court erred in requiring the prosecuting attorney to elect on which counts of the indictment he would go to trial.

This power is generally discretionary in the court, to be exercised of course according to enlightened views and judicial precedents, and, unless clearly exceeded, will not be revised by a court of error.

In this case we have carefully examined each count of the indictment, and can find nothing charged in the first, second, fifth, sixth and eighth counts, which is not charged in the third, fourth, seventh and ninth counts, upon which the prosecutor elected to try the case. It is plain, therefore, that the State has not been injured by the ruling complained of. This view will excuse us from an elaborate examination of the question as to when a court may not compel a prosecuting attorney to elect upon which

count he will proceed to trial; but the following authorities may be consulted: *McGregg* v. *The State*, 4 Blackf. 101; *Engleman* v. *The State*, 2 Ind. 91; *McGregor* v. *The State*, 16 Ind. 9; *Griffith* v. *The State*, 36 Ind. 406; *Mershon* v. *The State*, 51 Ind. 14; *Miller* v. *The State*, 51 Ind. 405; *Wall* v. *The State*, 51 Ind. 453; *Kidder* v. *The State*, 58 Ind. 68.

3. The record in this case shows the return of the *venire*, the empanelling of the grand jury, the charge of the judge, the return of the indictment into open court, its filing, etc. Indeed, it appears that all, even the directory, steps of the statute have been complied with.

The first count in the indictment recites, that "The grand jurors of Switzerland county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to enquire into felonies and certain misdemeanors, in and for the body of said county of Switzerland, in the name and by the authority of the State of Indiana, on their oaths, present, that one Perret Dufour," etc.

The third count of the indictment is as follows:

" And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that the said Perret Dufour, on the 25th day of April, A. D. 1876, at the county of Switzerland in the State of Indiana, did then and there unlawfully, feloniously and falsely forge and counterfeit a certain deed for the conveyance of land of Abner Clarkson which said forged and counterfeit deed of Abner Clarkson, for the conveyance of land is as follows, to wit:" Here the deed is set out in full. The indictment then concludes with the following averment: "With intent to defraud said Abner Clarkson, Charles A. Clarkson and Mary Scandrett." In this count the deed is set out alone, without the certificate of acknowledgment of the justice of the peace.

The fourth count is for uttering and publishing the deed,

with the same intent, well knowing the same to be false, forged and counterfeit, setting out the deed and certificate of acknowledgment of the justice.

The third and fourth counts allege the crime to have been committed on the 25th day of April, 1876.

The indictment was returned into court, by the grand jury, on the 6th day of April, 1877.

The seventh count is for forging the certificate of acknowledgment to the deed, purporting to be made by William A. Neal, a justice of the peace, and sets out both the deed and certificate of acknowledgment. This count alleges the crime to have been committed on the 15th day of September, 1873, with the intent " to defraud Charles A. Clarkson and Mary E. Scaudrett, two of the rightful heirs of Abner Clarkson, deceased," and concludes with the following averment : " That said Perret Dufour concealed said crime until the 25th day of April, 1875, by keeping said certificate in his possession, contrary," etc.

The ninth count charges forgery, committed on the 25th day of April, 1876, by uttering and publishing the forged certificate of acknowledgment, well knowing the same to be such, and sets out the deed, the certificate of acknowledgment, and the certificate of the clerk of the court, under his seal, as to the official character of the justice of the peace who took the acknowledgment, and then, in a long and formal averment, alleges that the appellee sent the deed to the recorder of White county, wherein the land lies, and caused it to be recorded in the record of deeds in that county, with intent to defraud Abner Clarkson, Charles A. Clarkson and Mary E. Scaudrett, contrary, etc.

The crime is alleged in the fourth, seventh and ninth counts in essentially the same words as in the third count, varying only as to the instrument alleged to have been forged, and as to whether the forgery was committed by making or uttering the instrument.

We have not been favored with a brief on behalf of the appellee, and from him have no information of the ground upon which the third, fourth, seventh and ninth counts of the indictment were quashed; but we learn inferentially, from the appellant's brief, that the court, acting upon the rule that each count of an indictment must allege an offence independently of any other count, held, that, as the prosecuting attorney had been compelled to elect, and had elected, to try the cause on the third, fourth, seventh and ninth counts of the indictment, and as it did not appear in either of those counts that the indictment was found by a grand jury of Switzerland county, they were therefore insufficient.

We can not hold this objection good. The rule that each count of an indictment must be good, independently of any other count, refers only to the substantial charge of the offence. As to the mere formal parts of the indictment, when they have been once stated in the first count, it will be sufficient to refer to them in the subsequent counts.

The record in this case shows that a legal grand jury of Switzerland county presented the indictment, and duly returned it into open court. The first count of the indictment fully recites these facts, and each of the third, fourth, seventh and ninth counts refers to the grand jurors as " the grand jurors aforesaid, upon their oaths aforesaid, do further present," etc. This is sufficient. 2 R. S. 1876, pp. 385, 386, secs. 60, 61; *Cronkhite* v. *The State*, 11 Ind. 307; *Snodgrass* v. *The State*, 13 Ind. 292; *Joy* v. *The State*, 14 Ind. 139; *Stone* v. *The State*, 30 Ind. 115 : *Bailey* v. *The State*, 39 Ind. 438; *Lovell* v. *The State*, 45 Ind. 550; *Dorman* v. *The State*, 56 Ind. 454.

We can discover no defect in the third and fourth counts of the indictment, for which either should be quashed.

Neither the seventh nor the ninth count contains any averment, that the deed, to which the acknowledgment referred, was a forgery. It must therefore be presumed, that the deed was valid; and, being valid, we can not perceive how the maker of the deed, or his heirs, could be defrauded by the forged acknowledgment. If valid, the deed was good between the vendor and the vendee, without acknowledgment; and, being good, the forged acknowledgment could not make it either better or worse. The only effect of a valid acknowledgment is, to authorize the grantee to put the deed upon record, and to make it an instrument of evidence, without any other proof of its execution, thus preventing the grantor from selling and conveying the land to an innocent purchaser, without notice, and facilitating the grantee in asserting his title—of which, we think, the grantor would have no right to complain.

We are of the opinion, that the seventh and ninth counts in the indictment, for these reasons, are insufficient, and were properly quashed.

The writer of this opinion feels constrained, however, to dissent from his brother judges, in holding that the seventh and ninth counts of the indictment are insufficient.

He thinks an acknowledgment to a deed, by rendering it admissible to the public records and making it an instrument of evidence without other proof of its execution, changes its legal effect, to the disadvantage of the maker, and thereby might defraud him. It might be, indeed, that, by an agreement between the vendor and vendee, the deed was not to be acknowledged or recorded; in such a case the acknowledgment would impose an obligation upon the vendor which he never undertook to perform. Nor can the writer see how an averment in the indictment, that the deed was a forgery, could be necessary to the crime of forging the certificate of acknowledgment.

Indeed, it seems to him, that an averment that the deed was forged would destroy the validity of the indictment for forging the certificate of acknowledgment; for, if the deed is a forgery, he can not see how forging a certificate of acknowledgment to it could possibly defraud the maker. Nor, according to the opinion of a majority of the court, can he conceive how forgery could be committed in falsely making an acknowledgment to a deed, when the intent was to defraud the maker.

Perhaps an indictment might be good in such a case, if the averment was, with the intent to defraud the person whose name was signed to the acknowledgment, and before whom it was taken.

The judgment is reversed, and the cause remanded, with instructions to overrule the motion to quash the third and fourth counts of the indictment, and for further proceedings.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.