State v. Klasner, 19 N. M. 474

---

(No. 1567, February 12, 1914)

STATE OF NEW MEXICO, Appellee, vs. LILLIE C. KLASNER, Appellant.

### SYLLABUS BY THE COURT.

1. A count of an indictment charging that defendant, "at the time and place named, nineteen head of calves, of the goods, chattels and property of owners to the grand jury unknown, then and there being found, did then and there unlawfully, etc., steal, take" etc., is not bad for duplicity, as it PRIMA FACIE discloses that the larceny occurred at the same time and place, and constituted but a single transaction.

P. 477.

State v. Klasner, 19 N. M. 474

2. Where, upon the trial, witnesses testify that certain known parties owned the alleged stolen animals, and the indictment charges that the owners of the animals are unknown to the grand jury, it is incumbent upon the State to prove that the names of the owners were unknown to the grand jury and could not, by reasonable diligence, have been ascertained.

P. 478

Appeal from District Court, Lincoln County; Edward L. Medler, Presiding Judge. Reversed and Remanded.

Renehan & Wright, for Appellant.

Court erred in overruling demurrer to indictment. Sec. 79, C. L. 1897; Bish. N. Cr. Proc., vol. 2, Sec. 718, 889; 128 Ind. 160; 78 Ky. 180; 86 S. W. 551; 14 Mont. 399; 85 Tenn. 551; 68 Vt. 109; 42 Vt. 537; 21 E. C. L. 755; 43 So. 466; supre; 44 So. 802; 45 So. 212; 51 So. 276.

Verdict of jury contrary to law. 73 Ark. 34; 145 S. W. 531; 55 Ark. 244; 138 S. W. 918; 54 Mo. App. 208; 133 S. W. 99; 34 S. W. 925; 42 Tex. 415; 45 S. W. 693; 38 Tex. Cr. 458; 36 S. W. 264; 32 Tex. Cr. 530; 19 Tex. App. 462; 18 Tex. App. 456; 6 Tex. App. 238; 26 Tex. App. 533; 36 Tex. Cr. R. 135; 38 S. W. 331; 1 Bish. Cr. Proc. Sec. 562; 89 Ala. 130; 52 So. 518; 25 Ga. 474; 84 Ga. 466; 10 S. E 1087; 20 Am. St. Rep. 377; 15 Ga. 255; 32 N. Y. 465; 38 Ala. 227; 11 Cush. (Mass.) 137; Clark's Cr. Pr. 168; 60 S. E. 816; 16 Ark. 499; 13 Ark. 712; 3 Camp, 264; 30 Conn. 507; 30 Ind. 115; 4 Ga. App. 67; 116 S. W. 500; 53 Me. 124; 655 N. C. 313.

There was no arraignment of defendant. 13 N. M. 97; 15 N. M. 292; 142 Mo. 478; 162 U. S. 625; 13 La. Ann. 103; Bish. New Crim. Proc., Vol. 1, Sec. 796, 728; supra; 6 Col. 231; 2 Hawk. 458; 5 S. & R. Rep. 314; 98 Ill. 259; Cent. Digest, Vol. 14, Sec. 18; Dec. Digest, Vol. 6, Sec 264; 12 Cyc. 348.

Fence of pasture. Enc. Ev. Vol. 5, pp 555, 556, 559; 40 Ia. 394.

Court erred in not granting a new trial on ground of newly discovered evidence. 14 N. M. 239; 13 N. M. 19; 8 N. M. 99; 6 N. M. 464; 2 N. M. 391; 1 N. M. 247.

H. S. CLANCY, Assistant Atty. Genl., for Appellee.

Too late to raise any question as to sufficiency of indict ment. 13 N. M. 378; Sec. 37, Chap. 57, L. 1907.

Arraignment and plea entered by appellant. 8 N. M. 446.

Too late to raise objection to instructions by court. State v. Lucero, 17 N. M. 484.

### OPINION.

ROBERTS, C. J.—Appellant was indicted, tried and convicted in the district court of Lincoln County upon the second count of an indictment, charging her with the larceny of nineteen head of calves, "of the goods, chattels and property owners to the grand jurors unknown." It is contended by appellant that the indictment is fatally defective because it charges more than one offense in the same count. The contention is predicated upon the assumption that the state, by using the plural "owners," meant to charge that the property alleged to have been stolen had more than one owner, and such being the case, more than one offense was charged in the same count. Accepting as correct appellant's construction that the count charged the larceny of property belonging to different owners, would it follow that the same was demurrable? If the indictment can be said to charge but one offense against the state, it would not be open to the objection that it is bad for duplicity. On the other hand if it attempts to charge two or more distinct offenses, it would be demurrable. This indictment, omitting the formal parts, reads as follows: "That Lillie C. Klasner * * * on the 24th day of August, in the year one thousand nine hundred and nine, at etc., nineteen head of calves, of the goods, chattels and property of owners to the grand jurors aforesaid unknown, then and there being found, did THEN AND THERE unlawfully, knowingly, and feloniously steal, take, lead and drive away, and the said property did then

and there, and in the manner aforesaid, etc." If we give to the language used a fair and reasonable construction, it becomes apparent that but one offense is attempted to be charged. The pleader says that appellant did the acts "then and there"; that is, at the time and place charged she did steal, take, lead and drive away the property.

"'Then, as an adverb of time, means 'at that time', referring to the time stated, and the necessary import of the words 'then and there', as employed in the information, is that the larceny of the $9.50 in money as a whole, a part of which is charged as belonging to Jane Engle and a part to Samuel Engle, occurred at the same time and place and constituted but a single transaction." Furnace vs. State, 153 Ind. 93.

The language quoted from the above case disposes of appellant's contention that several distinct crimes are charged in the same count. While the property is alleged to belong to more than one person, but one taking is charged. In other words, appellant is charged, at the same time and place, with having stolen property belonging to divers owners.

As the Indiana Supreme Court further say, in the above cited case:

"We recognize no good reason to depart from what may be considered the great current of authority and hold the pleading in question bad, when it can reasonably be said that it discloses that the larceny complained of was but a single act or transaction in violation of the law against larceny, although the property which was the subject of the crime belonged to several different persons. The particular ownership, as charged in the pleading, of the money stolen did not give character to the act of stealing it, but was merely a part of the description of the particular crime charged to have been committed. The information, PRIMA FACIE, under the circumstances can be said to charge but one offense against the state, and is not open to the objection that it is bad for duplicity."

The principle enunciated by the court is supported by a long list of authorities, which will be found collected in

the case cited.   See also State vs. Laws, (Wash.) 112 Pac. 488.

.The indictment charged but a single offense, and the demurrer on the ground stated, was properly overruled.

The cause must be reversed, however, because of the failure of the state to offer any evidence in support of the allegation in the indictment that the defendant stole, took, lead and drove away nineteen head of calves "of the goods and chattels and property of owners to the grand jury unknown".   Upon the trial of the cause witnesses for · the state testified to the names of the owners of the calves in question, but there was no attempt whatever by the state to prove that the owners of the animals in question were unknown to the grand jury and that the grand jury by reasonable investigation could not have ascertained the names of the true owners.

"Ownership must be proved by sufficient evidence or the conviction cannot be supported. Where the owner is al-
**2** leged in the indictment as unknown, there can be no conviction unless it is proved that the grand jury did not know his name and could not discover it by due diligence, 25 Cyc. 125.   Sharp vs. State, 29 Tex. App. 211; 15 S. W. 176, And,

"Ownership, except as statutes have varied the unwritten rule, must be proved, as laid; because it identifies the offense, distinguishing it from all other instances." Bishop's . New Criminal Procedure. Sec. 488b.

In the case of Stone vs. State, 30 Ind. 115, the Supreme Court of Indiana discussed the failure of the state to offer proof to support an allegation that the christian name of the defendant was unknown to the grand jurors, and held the omission fatal.   The court say:

"Our statute requires the names of the parties to be stated, or the person to be described as one whose name is unknown to the grand jury, 2 G. & H. 400, Sections 54 and 60.   Commonwealth vs. Stoddard 9 Allen, 280, it was held that where the name of the person injured was unknown to the grand jury, it may be so alleged in the indictment, but the proof must correspond with the allegation, and unless the travers jury are satisfied that the

name was unknown to the grand jury, the defendant is not to be convicted. In this case there is no proof on the subject, and the jury could not form any conclusion as to the truth of the averment that the christian name of the defendant was unknown to the grand jury. For this failure of proof the case must be reversed."

For the reason stated the cause is reversed and remanded, with directions to the trial court to award defendant a new trial, and, IT IS SO ORDERED.