STATE vs. ANTHONY MAIDA.

SODOMY—OFFENSE—NATURE—"CRIME AGAINST NATURE".
    Copulation through the mouth constitutes the offense denounced by *Rev. Code* 1915, *c*. 153, § 7, as the detestable "crime against nature", which is synonymous with "sodomy".
                (*October* 11, 1915.)

Judges CONRAD and HEISEL sitting.
*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.
    *David J. Reinhardt* for defendant.
Court of General Sessions, New Castle County, September Term, 1915.

INDICTMENT FOR SODOMY, No. 93, September Term, 1915.
    Anthony Maida was charged in the indictment for sodomy, alleged to have been committed by the use of the mouth, in the act of copulation.
    On motion to quash the indictment on the ground that the offense as charged did not constitute sodomy or the crime against nature. Denied.

CONRAD, J., delivering the opinion of the court:
    . The indictment charges sodomy and alleges that defendant was guilty of the crime against nature by use of the mouth in the act of copulation.
    The defendant is indicted under *Section 7, Chapter* 153,

*Revised Code* 1915, which says, "Whoever shall commit the crime against nature shall be deemed guilty of felony." The crime against nature and sodomy seem to be synonymous, but neither is defined by our statute.

· The early case of *Rex v. Jacobs,* ·*Crown cases*, 331, held that inserting the private parts in the mouth was not sodomy. Most of the text-writers cite that case as authoritative, but the recent decisions of ·courts in this country tend to the contrary.

In *State v. Start* (1913) 65 *Or.* 178, 132 *Pac.* 512, 46 *L. R. A.* (*N. S.*) 266, the Supreme Court of Oregon discusses the subject fully. It quotes the common-law definition of the crime against nature to be "All unnatural carnal copulation whether with men or beast," and holds that it is self-evident that the use of any unnatural opening for sexual copulation is against the design of the human body, and that an unnatural coition takes place in *annum* or *os*, as the moral filthiness and iniquity against which the statute is aimed is the same in both cases.

The case of *State v. Fenner* (1914) 166 *N. C.* 247, 80 *S. E.* 970, the Supreme Court of North Carolina says, "We are satisfied that, if the baser form of the abominable and disgusting crime against nature (*i.e.*, by the mouth) had prevailed in the days of the early common law, the courts of England could well have held that that form of the offense was included in the current definition of the crime of sodomy," and the court held that carnal knowledge of another by inserting the private parts in the mouth was indictable under the North Carolina statute, which is substantially the same as the Delaware statute.

For the reasons quoted from the two above cases, which to our minds are convincing, coupled with the fact that there is no limitation in our statute as to the means whereby the crime may be committed, we are constrained to hold that the allegations of the indictment before us are sufficient, and .the crime sufficiently charged.

We therefore deny the motion to quash the indictment.