Hillsborough, } No. 3237.
April 1, 1941. }

## STATE *v.* EDWARD P. VREDENBURG.

*J. Vincent Broderick*, County Solicitor, for the State.

*Nicholas J. Costakis*, by brief, for the defendant.

PER CURIAM. I. One indictment alleged an offense committed about six months before a like offense charged in the other indictment. The offenses were separate although committed with the same person, and are not to be regarded as a single act extending during the period between them. The statute is directed at acts without reference to habitual conduct. Repeated violations constitute distinct offenses.

II. The allegations of the indictment are sufficiently definite and bring it within the statute. The common-law limitation of application of the offense is one of degree rather than character, and of special rather than generic differentiation. No intention to observe

the narrow common-law rule is to be ascribed to the legislature. The fact that the offense at common law was a felony and hence punishable by death meets any presumption that the statute is to be tested by that law.

By the better, if not great weight of, authority similar statutes are construed to be more comprehensive than the common law in the scope of the conduct prohibited. *Glover* v. *State,* 179 Ind. 459; *State* v. *Vicknair,* 52 La. Ann. 1921; *State* v. *Maida,* 29 Del. 40; *Honselman* v. *People,* 168 Ill. 172; *State* v. *Wedemeyer,* 65 Ore. 198; *Herring* v. *State,* 119 Ga. 709; *People* v. *Hodgkin,* 94 Mich. 27.

*Exception overruled.*