253 P.2d 316

**BENNETT et al. v. ABRAM.**

No. 5594.

Supreme Court of New Mexico.

Feb. 13, 1953.

J. H. Burttram, Santa Fe, for petitioners.

W. F. Kitts, Asst. Atty. Gen., for respondent.

COMPTON, Justice.

This is an original proceeding in habeas corpus. The decisive question is whether carnal copulation per os constitutes the crime of sodomy. Chronologically, the events in the crime charged may be stated as follows: On May 17, 1951, while petitioners were confined in the common jail of Quay County under a charge of burglary, they were apprehended in the commission of acts of unnatural sexual copulation per os between themselves and another prisoner

then confined in jail with them. They were taken before the trial court and upon their pleas of guilty to an information charging sodomy, were sentenced to serve a term in the state penitentiary of not less than five years nor more than fifteen years. They are now in the custody of respondent, warden of the state penitentiary. The evidence fails to disclose that they were advised of their right to counsel or that they waived counsel.

Petitioners commenced this action on October 20, 1952 by filing a petition in this court in which it is claimed that they are illegally deprived of their liberty, having pleaded guilty to the charge of sodomy under a misapprehension of what facts constitute the crime.

 Whether the acts committed constitute sodomy, and whether the petitioners intelligently entered their pleas of guilty, are questions to be answered. Both must be answered in the negative.

We have no statute defining the crime of sodomy. Our statute, Sec. 41–704, N.M.Sts. 1941 Comp., providing a penalty only, reads:

> "Every person convicted of the abominable crime of sodomy, committed either with human being or any animal, on conviction thereof, shall be imprisoned for not less than one (1) year, or fined in any sum not less than one thousand dollars ($1,000), or by both."

Noticeably, our statute is not explicit as to what the term "sodomy" includes. Since we have no statutory definition, we must look to the common law. At common law, sodomy is defined as either the sexual copulation, per anum, of a man with another man or with a woman; or the copulation of a man or a woman with a brute animal. Rex. v. Jacobs, Russell & Ryan 331, 168 English Reprint 830; Reg. v. Allen, 1 Carrington & Kirwan 495; Reg. v. Allen, 1 Denison, 364; Russell, Law of Crimes, 9th English Ed. p. 967.

Such is the accepted definition of eminent American text writers. McClain, Criminal Law, 1897 Ed. Sec. 1153; Wharton, Criminal Law, 12 Ed. Vol. 1, Sec. 755; Burdick, Law of Crime, 1946 Ed. Vol. 3, Secs. 877–878; Bishop, Criminal Law, 7th Ed. Vol. 2, Sec. 1194; Pope, Legal Definitions, Vol. 2, p. 1491.

In the following jurisdictions the courts have held that sexual copulation per os does not constitute the offense of sodomy: Koontz v. People, 82 Colo. 589, 263 P. 19; State v. Johnson, 44 Utah 18, 137 P. 632; Weaver v. Territory, 14 Ariz. 268, 127 P. 724; People v. Boyle, 116 Cal. 658, 48 P. 800; Kinnan v. State, 86 Neb. 234, 125 N. W. 594, 27 L.R.A.,N.S., 478; Mitchell v. State, 49 Tex.Cr.R. 535, 95 S.W. 500; Munoz v. State, 103 Tex.Cr.R. 439, 281 S.W. 857; Wise v. Commonwealth, 135 Va. 757, 115 S.E. 508; People v. Schmitt, 275 Mich. 575, 267 N.W. 741.

30

It must be conceded that there are cases to the contrary. Herring v. State, 119 Ga. 709, 46 S.E. 876; Glover v. State, 179 Ind. 459, 101 N.E. 629, 45 L.R.A.,N.S., 473; State v. Start, 65 Or. 178, 132 P. 512, 46 L.R.A.,N.S., 266; State v. Maida, 6 Boyce 40, 29 Del. 40, 96 A. 207; State v. Whitmarsh, 26 S.D. 426, 128 N.W. 580; State v. Cyr., 135 Me. 513, 198 A. 743, and other cases which might be cited. These cases, however, are distinguishable, turning on statutory provisions. For that matter, we have found no cases under statutes providing a penalty only, as does ours, holding that carnal copulation per os, is sodomy.

It is not contended that petitioners are guilty of acts of copulation per anum. Nevertheless, if their pleas were understandingly and voluntarily made, of course, it would amount to a conclusive admission of all material allegations of the information, but the elements of the offense were not alleged in the information. Obviously, they would not have entered pleas of guilty to the crime charged, at common law an offense punishable by death, had they been properly advised of the nature of the crime. While the acts admittedly committed are even more sensual and filthy than the offense charged, baser than the practices of pagans, we cannot extend the crime of sodomy so as to include acts called felatio.

It should be noted that the legislature is now in session and if it should decide to define the offense of sodomy, this is an appropriate time. The crime could well be defined as follows: "Sodomy consists of a person taking into his or her mouth or anus the sexual organ of any other person or animal or placing his or her sexual organ in the mouth or anus of any other person or animal. Any penetration, however slight, is sufficient to complete the crime of sodomy. Both parties may be principals." See Manual for Courts-Marshall, U. S. Army, 1949.

It follows that petitioners should be discharged.

And It Is So Ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.