280 P.2d 298

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Weldon ALLEN, alias Pete Allen, Defendant-Appellant.**

**No. 5841.**

Supreme Court of New Mexico.

Feb. 21, 1955.

Heidel & Swarthout, Lovington, for appellant.

Richard H. Robinson, Atty. Gen., Jack A. Smith, C. C. McCulloh, Ass't Attys. Gen., for appellee.

McGHEE, Justice.

The appellant was convicted of theft from person in violation of § 40–45–9, 1953 Comp. (formerly § 41–4509, 1941 Comp.). The information contained only one count but charged the stealing of $80 in cash and one bottle of vodka.

On a second trial of the case the state first proved the theft of the vodka. At the conclusion of testimony on that point by the prosecuting witness, the defendant moved the trial court to require the state to elect whether it would rely for a conviction on the theft of the vodka or of the money, reminding it of the testimony in the former case which, he claimed, showed the thefts were separate and distinct transactions. The motion was denied with the following statement:

"The Court: The way I see it, Mr. Heidel, as you say, having heard the

other testimony and assuming that the testimony that is to come will be of a similar vein though probably not in the same words, it strikes me this series of events is all a part of the same offense of this man. It's a continuing proposition the way I see it. Your motion is denied on the basis of that admonition."

The motion was renewed and again denied at the conclusion of the testimony for the state, and the two rulings are the sole basis relied upon for a reversal here.

The evidence may be summarized as follows: The prosecuting witness, Halpin, began the night drinking in Hobbs, New Mexico, and later had a friend take him to a nightclub near the New Mexico-Texas line where after a time he bought a bottle of vodka and left the building, intending to return to Hobbs. As he left the building the defendant and three companions accosted him and offered to trade some beer for a part of the vodka. The offer was refused, whereupon the defendant and his companions knocked Halpin to the ground, grabbed the bottle of vodka and drove east toward their home at Seminole, Texas. Halpin walked west on the road toward Hobbs and in a short time saw a car coming from the east which he believed to be the one in which the parties who had taken his vodka were riding. Thereupon Halpin went through the right-of-way fence into the brush and hid. He says the defendant and his companions followed him into the brush but he escaped detection and his pursuers then left and drove toward Hobbs. Halpin came out of the brush and started walking west just outside of the right-of-way fence. Then another car occupied by several Hobbs youths out looking for a fight began to chase the car in which the defendant and his party were riding, intent, as one of them testified, on whipping those they were following although they were strangers. The defendant and his companions got into Hobbs without being caught and their pursuers abandoned the chase. The defendant and his friends then drove back east toward the state line, discovered Halpin, caught and whipped him and stole his pocketbook containing $80. The cash was removed and the pocketbook and papers therein were partially destroyed by fire and left between the state line and Seminole.

■ The defendant and the Attorney General agree that the law is correctly stated in 36 C.J. (Larceny) § 219, p. 798, as follows:

"Where the property is stolen from the same owner and from the same place by a series of acts, if each taking is the result of a separate, independent, impulse, each is a separate crime; but if the successive takings are all pursuant to a single, sustained, criminal

impulse and in execution of a general fraudulent scheme, they together constitute a single larceny, regardless of the time which may elapse between each act." See, also, 52 C.J.S., Larceny, § 53.

The rule is tersely stated in People v. Cox, 1941, 286 N.Y. 137, 36 N.E.2d 84, 86, 136 A.L.R. 943, 946:

> " * * * As long as the larceny is held to be pursuant to a single intent, and one complete, illegal scheme, it matters not the length of the period over which the takings continued. * * * "

In that case the question of whether the stealing of money over a period of time constituted acts done in pursuance of a single intent or conspiracy and constituted but one offense was left to the jury under appropriate instructions.

■ We believe, under the record, the trial court should have followed the course of the New York court in that regard, as it is very doubtful, to say the least, whether it could be said the acts of the defendant and his companions constituted but one offense as a matter of law. Neither can it be said as a matter of law that the acts constituted two offenses. In other words, whether they constituted two offenses committed or only one was a question of fact for the jury under instructions to disregard testimony of more than one taking if they found the takings constituted separate offenses. We must therefore hold error was not committed in denying the motion to require the state to elect.

The defendant did not ask that the instructions be included in the record, and does not complain of the failure of the court to instruct the jury on the point just discussed.

Thus the story of another invasion of New Mexico by Texans ends, with only the additional statement the judgment will be affirmed. It Is So Ordered.

LUJAN and SADLER, JJ., concur.

COMPTON, Chief Justice (dissenting).

The information, in one count, charged the larceny of $80 in money and one bottle of vodka. At the trial, for the first time, it was established by the evidence that there were separate takings at different times and from two different places, whereupon appellant moved for an election, which was denied. The motion was renewed and again denied at the close of the testimony for the state. The test is: "Where the property stolen from the same owner and from the *same place* by a series of acts, such acts constitute a single larceny, regardless of the time intervening between them, if the successive takings be pursuant to a single intent and design and in execution of a common fraudulent scheme." As to such in-

tent and design the evidence not only fails to show the existence thereof but the fact that appellant failed to take the money when he took the vodka, though he might have done so, makes it self-evident that he did not have such intent and design from the beginning. Obviously, the taking of the money was an afterthought. The motion to elect should have been sustained. It must be shown that the several acts of takings, though at different times, were made from the same place. To support this principle we only have to cite State v. Cox, the case relied on by the majority to sustain the judgment. A search of cases fails to disclose a single case to the contrary, and of all the cases on comparable facts, the majority opinion will stand alone. This will never do.

As a side light, we are dealing with a 19 year old boy whose liberty the jury tried to protect notwithstanding the ruling of the court. The jury recommended "all possible clemency" but the recommendation was not followed. He must now serve a term in the state prison. It is startling to lay down a rule so sweeping in character as to permit a jury to convict of numerous offenses committed at different times and at different places. Accordingly, I dissent.

KIKER, Justice.

I concur.