434 P.2d 77

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Haskel PUTMAN, Defendant-Appellee.**

**No. 56.**

Court of Appeals of New Mexico.

Oct. 6, 1967.

Rehearing Denied Nov. 2, 1967.

Boston E. Witt, Atty. Gen., Joel M. Carson, Asst. Atty. Gen., Santa Fe, for appellant.

Foster Windham, Carlsbad, for appellee.

## OPINION

WOOD, Judge.

By Count II of the information, defendant was accused of sodomy. The information was supplemented by a bill of particulars. The trial court sustained defendant's motion to quash on the ground that the acts alleged did not constitute sodomy. The State appeals under § 21–2–1(5) (4), N.M.S.A. 1953.

The crime of sodomy is defined in § 40A–9–6, N.M.S.A. 1953. The portion of the statute applicable here reads:

"Sodomy consists of a person intentionally taking into his or her mouth or anus the sexual organ of any other person * . * *."

The information charges:

"* * * that said defendant did take into his mouth the sexual organ of another person. * * *"

Omitting the name of the female, the bill of particulars states:

"* * * the manner in which the defendant committed the act of sodomy upon her, is that he placed his *tongue within her vagina.*"

No issue is presented as to (1) whether there is a repugnancy between the allegations of the information and the bill of particulars, (2) whether uncertainty results in the information because of the acts alleged in the bill of particulars or (3) whether the acts alleged in the bill of particulars are surplusage. See § 41–6–35, 41–6–36, 41–6–37 and 41–6–38, N.M.S.A. 1953.

The issue is whether the acts alleged constitute the offense of sodomy. In ruling that the acts alleged did not constitute the offense, the trial court considered only the acts alleged in the bill of particulars; it did not consider the acts alleged in the information.

■ In determining whether the acts alleged constitute the offense, the information and the bill of particulars are to be read together as a single instrument. Norton v. Reese, 76 N.M. 602, 417 P.2d 205 (1966). When read together, if the acts alleged do not constitute the offense charged, the information may be quashed. Section 41–6–9, N.M.S.A. 1953.

Our statute applies to acts per os as well as acts per anum. Compare Bennett v. Abram, 57 N.M. 28, 253 P.2d 316 (1953), which was decided before our statutory definition was enacted.

■ Our act defines sodomy to include a taking into the mouth "the sexual organ of any other person." The statute is not limited to the sexual organ of the male. "Any other person" includes male and female. Compare Connell v. State, 215 Ind. 318, 19 N.E.2d 267 (1939).

■ Reading the information and the bill of particulars together, defendant is accused of acts constituting the offense of sodomy.

The order quashing Count II of the information is reversed. The case is remanded with instructions to set the order aside and to reinstate the charge.

It is so ordered.

HENSLEY, Jr., C. J., concurs.

SPIESS, J., concurring in part and dissenting in part.

SPIESS, Judge, Court of Appeals (concurring in part and dissenting in part).

I am unable to concur in the result reached by the majority in this case. As I read the record and the briefs only two questions are submitted and argued by the parties.

First, whether the Act, § 40A–9–6, N.M.S.A. 1953, relates only to the male sexual organ.

Second, whether the act specified in the bill of particulars charged sodomy as such crime is defined by § 40A–9–6, supra.

I have no difficulty in agreeing with the majority that the statute includes both male and female sexual organs.

It appears to me the majority take the position that in sustaining the motion to quash the trial court erroneously limited consideration to the allegations contained in the bill of particulars and consideration should have likewise been given to the charge in the information to the end that if either instrument contains a specification of acts sufficient to charge the crime the motion should have been denied.

This proposition was neither suggested, argued, or submitted by the parties as I read the briefs.

To my mind the parties and the trial court treated the acts alleged in the bill as the particular acts upon which the prosecution was based and as superseding those alleged in the information. Consequently, for the purpose of decision in this case I feel we should so treat these pleadings.

I take the position that as a general rule this court should confine its decision to the errors asserted and issues raised by the parties. It, of course, follows that through adherence to this rule the right of parties to argue questions upon which a decision is based will not be denied.

As I read the language of the statute, § 40A–9–6, supra, together with the acts specified in the bill of particulars it appears obvious to me that if the defendant did commit the act so specified the crime of sodomy as the same is defined by the statute was not committed.

For the reasons stated I would affirm the order of the trial court.