557 P.2d 1105
**STATE of New Mexico, Petitioner,**

v.

**Donald Ray ELLIOTT, Respondent.**

**No. 11184.**

Supreme Court of New Mexico.

Jan. 7, 1977.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for petitioner.

Jan A. Hartke, Acting Chief Public Defender, Reginald Storment, App. Defender, Robert R. Rothstein, Asst. App. Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

This cause was remanded to the Court of Appeals for consideration of other issues raised by the defendant in light of our holding that the New Mexico sodomy statute is constitutional. *State v. Elliott,* 89 N.M. 305, 551 P.2d 1352 (1976). The Court of Appeals reversed three out of the four convictions of sodomy and remanded the case to the trial court for sentencing on the remaining count. *State v. Elliott,* No. 1682 (Ct.App., filed November 2, 1976). We granted certiorari and now reverse the Court of Appeals.

The defendant was convicted of four counts of sodomy upon evidence that he penetrated the mouth of the victim three separate times and her anus once with his sexual organ in violation of § 40A–9–6, N.M.S.A. 1953 (repealed by ch. 109, § 8 [1975] N.M. Laws 399). The Court of Appeals, on the basis of statutory construction, held that the proscription of the sodomy statute was directed at the act of sodomy itself and not the number of times the act was committed. The court concluded that the defendant could only be sentenced for one act of sodomy. We disagree with this interpretation of § 40A–9–6.

The Court of Appeals relied on our reasoning in *Bennett v. Abram,* 57 N.M. 28, 253 P.2d 316 (1953) to reach this result. In that case there was no definition of sodomy in the statutes, and the court held that the common law definition of sodomy did not cover copulation per os. After *Bennett v. Abram,* the Legislature passed the equivalent of § 40A–9–6, which expanded the definition of sodomy. We find nothing in *Bennett v. Abram,* supra, to support an interpretation that the subsequently passed sodomy statute was directed only at the act of sodomy itself and not the number of times the act was committed.

The statute provided:

Sodomy consists of a person intentionally taking into his or her mouth or anus the sexual organ of any other person or animal or intentionally placing his or her sexual organ in the mouth or anus of any other person or animal, or coitus with an animal. *Any penetration,* however slight, *is sufficient to complete the crime* of sodomy. Both parties may be principals (emphasis added). . . .

Can there be any relevant "interpretation" that remains? Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction. *State v. Weddle,* 77 N.M. 420, 423 P.2d 611 (1967). Since "any penetration" can complete the crime of sodomy, on its face § 40A–9–6 clearly allows prosecution for different kinds or acts of sodomy.

Another issue, raised by defendant for the first time on appeal, is the application of the "single criminal intent" doctrine to the four counts of sodomy. This doctrine applies, for example, where successive larcenies are committed under a

single and sustained criminal intent, and provides that only one larceny complaint can be brought against a defendant. See *State v. Allen*, 59 N.M. 139, 280 P.2d 298 (1955).[1] If this doctrine is applicable, then the principles of double jeopardy could prevent prosecutions for separate acts.

From the time of the filing of the information containing four counts through the instruction of the jury at trial, the issue of the legality of trying the defendant on all the separate counts of sodomy was not raised or presented to the trial court. No correct written instruction was tendered to the trial court under which the jury could have taken into consideration whether the defendant acted under a single criminal intent as to all four offenses. This is generally a question for the jury to decide. As we said in *State v. Allen*, supra:

> [W]hether [the acts] constituted two offenses committed or only one was a question of fact for the jury under instructions to disregard testimony of more than one taking if they found the takings constituted separate offenses. . . .

The defendant did not ask that the instructions be included in the record, and does not complain of the failure of the court to instruct the jury on the point just discussed.

> Thus . . . the judgment will be affirmed.

59 N.M. at 141, 280 P.2d at 299.

■ On appeal the "single criminal intent" doctrine was raised for the first time to apply to this case. We cannot say as a matter of law from this record that the doctrine was violated for the reason that there is no substantial evidence as to whether the defendant acted in all cases under one sustained criminal intent. The sole and only pertinent evidence in the record bearing on this point is that over a period of one and one half to two hours the four acts were committed. To try to read the mind of the defendant from this record would be sheerest conjecture.

■ Furthermore, the defense should have raised the "single criminal intent" doctrine at the trial level, should have presented a proper quantum of proof to sustain the submission of the theory, should have presented proper instructions and should have objected to the separate instructions that were given on each count of sodomy. This it did not do. As a result, any error in the charge was not preserved by the defendant. N.M.R.Crim.P. 41(d) [§ 41–23–41(d), N.M.S.A.1953 (Supp. 1975)]. We cannot review possible errors that were not preserved in the record. *State v. Buchanan*, 78 N.M. 588, 435 P.2d 207 (1967); *State v. Upton*, 60 N.M. 205, 290 P.2d 440 (1955).

We are not impressed with the defense of double jeopardy under these circumstances. The record clearly shows that four separate acts of sodomy were committed. There is insufficient evidence to support an instruction on the "single criminal intent" doctrine, even if it had been tendered at the trial. We will not speculate about hypothetical evidence that might have been developed at the defendant's trial. Cf. *State v. Barnett*, 85 N.M. 404, 512 P.2d 977 (Ct.App.1973). From this record we cannot say that fundamental error was committed by the trial court. See *State v. DeSantos*, 89 N.M. 458, 553 P.2d 1265 (1976). The remaining issue of adequate notice in the information is without merit.

This cause is remanded to the Court of Appeals to affirm Counts I, II, III and V and to remand the case to the trial court for sentencing on all four counts.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS and SOSA, JJ., concur.

1. The Court of Appeals suggested in its opinion that *State v. Allen*, supra, was overruled sub silentio by *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). Because of the different fact situations in the two cases, we decline to subscribe to this view.