734 P.2d 758

**Manuel A. FERRAN, Receiver for Guaranteed Equities, Inc., Appellant,**

v.

**Beneranda L. SANCHEZ, a/k/a Bennie Sanchez, Appellee.**

No. 16302.

Supreme Court of New Mexico.

March 31, 1987.

Timothy J. Dreher, Singer, Smith & Williams, P.A., Albuquerque, for appellant.

Edward J. Apodaca, Christopher L. Trammell, Albuquerque, for appellee.

**OPINION**

WALTERS, Justice.

In May, 1982, appellee Sanchez, third-party defendant below, borrowed $37,500 through Guaranteed Equities, Inc. and pledged a rental property as security for the loan. Equities was in the business of

putting investors together with borrowers in the secondary money market. Because of pending bankruptcy proceedings, Equities is not a party to this suit. Sanchez executed four promissory notes bearing an interest rate of 22%, and four deeds of trust to secure the notes. Concurrently, she signed a 36–month interest-only "wraparound" mortgage with a balloon payment of the principal due at the end of the loan period. The federal disclosure form signed by Sanchez indicated that the amount financed was $42,907.72 at an annual percentage rate of 23.92%.

The court appointed Ferran, appellant and third-party claimant, as receiver for Equities in May, 1984. At that time, Sanchez was in default, and Ferran was sued as a defendant in a foreclosure action brought by the holder of Sanchez's first mortgage. Ferran then cross-claimed against Sanchez. The trial judge ruled that Equities had failed to comply with the disclosure requirements of NMSA 1978, Section 56–8–11.2 (Repl.Pamp.1986), and therefore the receivership was subjected to the penalty provisions of NMSA 1978, Section 56–8–11.3 (Repl.Pamp.1986). Ferran, as receiver, appeals and we reverse.

The issue on appeal is whether the trial court erred in concluding that Equities should have added the $5,248.60 prepaid loan servicing fee and the $1,637 impound fee to the simple annual interest amount in order to calculate the interest rate required to be disclosed under NMSA 1978, Section 56–8–11.2(A)(5) (Repl.Pamp.1986). Subsection (A)(5) requires a lender to disclose "the interest rate to be charged within one-quarter of one percent, including all charges or costs stated as a percent per month and percent per year basis." Using his own figures, the trial judge calculated an interest rate in excess of 26% per annum. Consequently, he considered the information Equities provided to Sanchez to be "substantially incorrect," and ruled that Ferran would have to "forfeit all interest, charges or other advantage for the loan." NMSA 1978, § 56–8–11.3 (Repl.Pamp.1986).

Ferran relies on NMSA 1978, Section 56–8–11.2(D), which provides that "any form

which is in compliance with the federal law regarding disclosure of information by creditors to borrowers, such as the federal Truth in Lending Act, shall be deemed to be in compliance with Subsection A of this section." Statutes will be given effect as written. If they are free from ambiguity, there is no room for construction. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977). We focus, then, on whether the disclosure form signed by Sanchez meets the federal requirements.

In determining whether Equities failed to disclose an accurate interest rate to Sanchez, federal law differs from the disclosure requirements of NMSA 1978, Section 56–8–11.2(A). The federal Truth in Lending Act requires the disclosure, upon request, of a finance charge rather than an interest rate. 15 U.S.C. § 1638(a)(2)(B), (3) (1982). 12 C.F.R. Section 226.4(a) (1986), enacted pursuant to the Act, defines "finance charge" as "the cost of consumer credit as a dollar amount." The finance charge may include interest, points, and loan fees. 12 C.F.R. § 226.4(b) (1986). In other words, under the federal regulations a "finance charge is much more than 'interest' in the traditional sense." Annotation, *What Constitutes "Finance Charge" Under § 106(a) of the Truth in Lending Act (15 USCS § 1605(a)) or Applicable Regulations*, 46 A.L.R.Fed. 657, 663 (1978) (citing Clark & Fonseca, *Handling Consumer Credit Cases* § 39). We agree with Ferran that the trial court improperly characterized points as interest, even though the distinction is immaterial for our purposes.

Here, the finance charge of $29,998.60 was reached by adding the $5,248.60 prepaid finance charge to the total amount of interest Sanchez would pay on the $37,500 principal, *i.e.*, $24,950. Equities was not obliged to add the $1,637 impound payment to the finance charge total because Section 226.4(c)(7)(iv) of the regulations specifically excludes from the finance charge "[a]mounts required to be paid into escrow or trustee accounts if the amounts would not otherwise be included in the finance charge." The impound charge, included in the amount financed, represents $262 with-

**520**

held as the May and June payments to the first mortgage company, and two payments (totalling $1375) held in reserve by Equities to be credited to Sanchez's account in the event she failed to make a monthly payment. At no time would the total interest paid (excluding late charges) exceed $24,950.

The annual percentage rate is merely the finance charge expressed as a percentage. 12 C.F.R. § 226.14 (1986). Equities accurately disclosed the total finance charge to Sanchez; accordingly we assume, and there is no evidence to the contrary, that the 23.92% a.p.r. is an accurate expression of the cost of Sanchez's credit at a yearly rate. 12 C.F.R. §§ 226.14(a), 226.18(e) (1986), and the appendix attached thereto, Part 226, App. J (Annual Percentage Rate Computations for Closed-end Credit Transactions).

■ We are satisfied that the disclosure provided by Equities to Sanchez comported with the federal disclosure requirements. *See* 15 U.S.C. 1638(a) (1982) and 12 C.F.R. § 226.18 (1986). The disclosures thus being in compliance with the federal Truth in Lending Act, they are deemed to be in compliance with the New Mexico requirements. NMSA 1978, § 56–8–11.2(D) (Repl. Pamp.1986). Consequently, the penalty provision of Section 56–8–11.3 is inapplicable.

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

SCARBOROUGH, C.J., and RANSOM, J., concur.