877 P.2d 557

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Larry BROOKS, Defendant–Petitioner.**

No. 21383.

Supreme Court of New Mexico.

June 2, 1994.

whether Brooks had a single intent for all or combinations of takings (as part of a scheme or plan to embezzle), as opposed to separate intents for each taking. The Court of Appeals affirmed the convictions, *State v. Brooks*, 116 N.M. 309, 862 P.2d 57 (Ct.App. 1993), and we issued our writ of certiorari to review the single-larceny question. Finding that the trial court erred by failing to instruct on the intent issue inherent in the single-larceny doctrine and that three of the counts constitute but one distinct act as a matter of law, we reverse the Court of Appeals and the trial court on that issue.

*Facts.* Brooks was hired in April 1989 as the bookkeeper for Rental Management Services ("RMS"), a property management service. He was responsible for collecting rents and depositing them into the RMS account, keeping track of receipts, balancing the checkbook, and monitoring the financial aspects of the service. Brooks, William Robinson (the owner of RMS), another employee, and Brooks's wife all would make deposits. In August 1989, Robinson discovered that over $3000 in cash had been taken from seven separate rental accounts on six days over a seven-week time period. Prior to this discovery, Robinson had been informed that $460 was missing from a deposit assembled by Brooks but, at the time, did not suspect anyone in particular of taking the money. After discovering that money had been taken from the rental accounts, Robinson suspected Brooks and hired a private investigator to investigate and administer polygraph tests. During the polygraph, Brooks confessed to taking the money from the rental accounts and signed two statements in which he admitted that fact.

*Procedural history.* The State charged Brooks with a separate count of embezzlement for each check or cash envelope that was not deposited into the RMS account and for the $460 that was missing from the prior deposit. Three of the counts charged in the indictment occurred on the same date and arose from moneys withheld from a single deposit. In pretrial motions and at sentencing, Brooks argued that all counts should be merged and that he could be charged and convicted only of a single third-degree felony

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

Larry Brooks was convicted on seven of eight counts of embezzlement under NMSA 1978, Section 30-16-8 (Cum.Supp.1993). On appeal to the Court of Appeals, Brooks asserted that the trial court erred in refusing to apply as a matter of law the single-larceny doctrine under *State v. Pedroncelli*, 100 N.M. 678, 675 P.2d 127 (1984), or, alternatively, in failing to instruct the jury to determine

under the single-larceny doctrine. The trial court denied Brooks's motions. In addition, it did not instruct the jury on the independent impulse or intent required to convict of the separate offenses.

For each count, the jury received only the following instructions on intent: "At the time he converted money to his own use, he intended to deprive the owner of his property," and "the state must prove ... that the defendant acted intentionally when he committed the crime." The jury was further instructed that it should consider each crime separately. The first trial resulted in a unanimous verdict of "not guilty" on the count involving the $460 and a mistrial on the other seven counts when the jury could not reach a verdict. At a second trial, the State charged Brooks with only the latter seven counts, and Brooks was convicted of five fourth-degree felonies and two misdemeanors. The Court of Appeals affirmed the trial court, holding that as a matter of law the single-larceny doctrine did not apply under the facts of this case.

*The single-larceny doctrine.* In *State v. Klasner*, 19 N.M. 474, 478, 145 P. 679, 680 (1914), this Court recognized that a taking at one time or place of property belonging to several people constitutes a single crime that cannot be separately punished. In *Klasner*, we held that an indictment alleging that the defendant had stolen nineteen cattle belonging to unknown parties alleged only one offense. The determinative element was that there had been one transaction even though the property belonged to several individuals. 19 N.M. at 477, 145 P. at 680.

In *State v. Allen*, 59 N.M. 139, 280 P.2d 298 (1955), we first stated the principle that a *series of takings* from one owner also may be but a single crime. There, we focused not on the number of transactions, but on the *intent* of the defendant.

> Where the property is stolen from the same owner and from the same place by a series of acts, if each taking is the result of a separate, independent, impulse, each is a separate crime; but if the successive takings are all pursuant to a single, sustained, criminal impulse and in execution of a general fraudulent scheme, they together con-

stitute a single larceny, regardless of the time which may elapse between each act. *Id.* at 140–41, 280 P.2d at 299 (quoting 36 C.J. *Larceny* § 219 (1924)). In *Allen,* the defendant had taken a bottle of vodka from the victim. The defendant later saw the victim at a nearby location and took money from him. The question was whether the stealing of the vodka and the money constituted one offense or whether the acts constituted separate offenses. The Court cited favorably to a New York opinion in which the question of intent was the determinative factor. *Id.* at 141, 280 P.2d at 299 (citing *People v. Cox,* 286 N.Y. 137, 36 N.E.2d 84, 86 (1941)). This Court believed that it was very doubtful that the trial court could find the acts were either one or two offenses as a matter of law, thus it became a question of fact for the jury under proper intent instructions. *Allen,* 59 N.M. at 141, 280 P.2d at 299. The New York case was factually similar to the one at bar. *See id.*

This Court applied *Allen* to an embezzlement conviction in *State v. Pedroncelli,* 100 N.M. 678, 675 P.2d 127 (1984). There, the defendant was charged and convicted of one embezzlement for negotiating twenty-two checks and fourteen cash withdrawal vouchers over a six-month period. The defendant challenged the conviction, claiming that the state could not aggregate the separate acts to support the single charge. *Id.* at 679, 675 P.2d at 128. We held that "where the State obtains an indictment ... that contains a single charge which is premised upon a series of takings or conversions from one victim, the factfinder may, upon the trial of that charge, determine if the successive takings or conversions are associated with a single, sustained criminal intent." *Id.* at 680, 675 P.2d at 129. "The nature of the entrustment involved in a particular [embezzlement] case should be considered in ascertaining the number of crimes committed and the permissible unit of prosecution employed in that case." *Id.* at 681, 675 P.2d at 130.

The Court of Appeals distinguished *Pedroncelli* from the case at bar in that the nature of entrustment was different—the defendant in *Pedroncelli* was a union official who over six months negotiated thirty-six

checks or cash withdrawal vouchers from credit union funds in her custody, not an employee who over seven weeks withheld from deposit payments to his employer from separate clients. At oral argument, the State explained that the nature of entrustment in *Pedroncelli* was ongoing, but in this case Brooks was not always entrusted with making the deposits, a factor that the State believed caused the units of prosecution to be properly individual rather than aggregate. We do not find material the distinctions made by the Court of Appeals or the State. The material facts in *Pedroncelli* are similar to the material facts here.

■ The State asserts that *Pedroncelli* supports the trial court's refusal to apply the single-larceny doctrine as a matter of law, emphasizing that the *Pedroncelli* jury was not given the choice to convict the defendant on separate counts—it could either convict or acquit on the charges as brought by the prosecution. The State contends that here the instructions given on intent were sufficient, that under the charges brought by the prosecution the jury was not required to choose between single-impulse intent or general plan or scheme intent, and that Brooks's only challenge could be to the sufficiency of the evidence of intent to support the conviction for each crime charged. However, to instruct the jury that the state must prove the defendant acted intentionally to deprive the owner of his property presents for the factfinder no question at all as to whether such intent was a separate impulse or a sustained plan. In *Pedroncelli*, the instruction on intent *did* fully instruct on the type of intent necessary to aggregate the offenses into one count. *See* 100 N.M. at 680, 675 P.2d at 129 (factfinder may "determine if the successive takings ... are associated with a single, sustained criminal intent"). Under *Allen* and *Pedroncelli*, factual questions of

intent must be decided by the jury unless the trial court can say under the circumstances that, as a matter of law, the act is either a separate crime or part of a broader scheme or plan.

■ Even before *Pedroncelli*, relying on *Allen*, this Court stated in dictum that the issue of intent of a defendant charged with separate offenses is "generally a question for the jury to decide" when it is claimed that the offenses were part of a continuous scheme with a single intent. *State v. Elliott*, 89 N.M. 756, 758, 557 P.2d 1105, 1107 (1977). In *Elliott*, the defendant was charged with committing four counts of sodomy against the same victim during a one-and-one-half to two-hour period. The defendant raised the "single criminal intent" doctrine for the first time on appeal, and this Court refused to review his claim of error because of his failure to preserve it for appeal. Before dismissing the claim, however, the Court stated that the question of single intent versus sustained plan was a question of fact. "[T]he defense should have raised the 'single criminal intent' doctrine at the trial level, should have presented a proper quantum of proof to sustain the submission of the theory, should have presented proper instructions and should have objected to the separate instructions...." *Id.*[1]

*Instructing on intent does not result in conviction for uncharged offenses.* Judge Bivins suggests a uniform jury instruction that would explain to the jury the intent inherent in executing a general scheme as contrasted with the intent necessary to convict of separate crimes. *Brooks*, 116 N.M. at 318, 862 P.2d at 66 (Bivins, J., dissenting). The Court of Appeals expresses concern that if it were to adopt the position of Judge Bivins (which it characterizes as allowing the jury to find Brooks guilty of a single third-

---

[1] While we agree with the statement that "single criminal intent" is a question for the jury, we now retreat from the dictum in *Elliott* implying that a defendant charged with multiple sexual crimes may raise the single-criminal-intent doctrine as an alternate theory of the case. We believe our more recent analysis and discussion in *Herron v. State*, 111 N.M. 357, 805 P.2d 624 (1991), is applicable to rape, sodomy, and sexual assault or penetration cases. In sex crime cases, the jury looks at several factors to determine if each contact or penetration is part of the same act or is a separate act, *Herron*, 111 N.M. at 361, 805 P.2d at 628, while in larceny and embezzlement cases, the jury looks to see if the defendant's *intent* was to achieve a single fraudulent scheme or plan through the commission of several acts, *see Allen*, 59 N.M. at 141, 280 P.2d at 299; *Pedroncelli*, 100 N.M. at 680, 675 P.2d at 129.

degree felony rather than multiple fourth-degree felonies), it would fundamentally alter the traditional role of the prosecutor to determine what charges should be brought against a particular defendant, allowing the jury in effect to determine the charge to be brought. *Id.* at 316, 862 P.2d at 64. We do not agree.

The State has discretion to prosecute separate counts alone, *see, e.g., Elliott,* 89 N.M. at 757, 557 P.2d at 1106; or to aggregate the takings and prosecute for the third-degree felony alone, *see, e.g., Pedroncelli,* 100 N.M. at 680, 675 P.2d at 129; or to prosecute in the alternative, *see id.;* or even to combine certain acts and prosecute others separately, *see State v. Altgilbers,* 109 N.M. 453, 466, 786 P.2d 680, 693 (Ct.App.1989), *cert. denied,* 109 N.M. 419, 785 P.2d 1038 (1990). In *Altgilbers,* the Court of Appeals stated that in a multiple-incident case, the prosecution does not have to choose between "one count in toto or one count for each act," but has broad discretion in charging—"The charging pattern that best reconciles the community's interest in proper enforcement of the laws and the interest (shared by the community and the defendant) in fairness to the defendant may well be a charging pattern fitting between the two extremes." 109 N.M. at 466, 786 P.2d at 693.

If, however, as in this case, the State chooses to prosecute separate counts alone, the defendant has the right to offer evidence and have the jury instructed on his theory that there was one intent to engage in a continuous scheme or plan. If believed by the jury, this would result in acquittal of all but one of the charges prosecuted. If the jury were to find that Brooks intended to commit each act of embezzlement as part of a continuous scheme or plan and did not act under a separate impulse to commit each offense, such finding would include the intent necessary to convict for any one of the acts in the series found to be committed. Because the State chose not to charge in the alternative for third-degree felony embezzlement, it took the risk that the jury would not find a separate impulse for each alleged crime, but would find intent to embezzle as part of a

plan, the result being that Brooks could only be convicted of one fourth-degree felony.

The State correctly asserts that the jury found Brooks guilty of acts of embezzlement under Section 30–16–8 when it found that Brooks converted to his own use money with which he had been entrusted, with fraudulent intent to deprive the owner thereof. The intent necessary for each taking is not to be found lacking because it is part of a broader scheme or plan. Brooks does not argue that he did not commit the individual acts of embezzlement, and we can affirm the *jury's verdict* in that regard. However, because the facts and circumstances show a series of acts that cannot be said as a matter of law to be either a single taking or separate takings, for Brooks to be separately *convicted and sentenced* for each taking, the State also had to show separate intent. The statute requires that the defendant be convicted according to the value of the thing converted in each taking. *See* § 30–16–8.

*Application.* Under the facts of this case, this Court finds that as a matter of law counts five, six, and seven, which allege the takings of cash amounts withheld from a single day's deposit, should have been prosecuted as a single count under the reasoning of *Klasner* (nineteen cattle taken on same day from one area but belonging to various individuals alleged but one transaction and, therefore, one offense of larceny as a matter of law). *See also State v. Boeglin,* 90 N.M. 93, 96, 559 P.2d 1220, 1223 (Ct.App.1977) (holding that taking of two or more articles of property from same owner at same time and place should be prosecuted as one larceny as a matter of law). The taking did not occur when Brooks accepted the money from the individuals; it occurred when he actually withheld it from the deposit at the end of the day. Brooks may be convicted on only one of these counts because the State failed to properly charge him with the single intent embracing all three. As to all counts in general, because this Court cannot say as a matter of law whether there existed a single intent, it was fundamental error for the trial court not to instruct the jury on the single criminal intent doctrine. *See, e.g., State v. Green,* 116 N.M. 273, 278, 861 P.2d 954, 959

(1993) (holding that doctrine of fundamental error required reversal of conviction when jury not instructed on all essential elements).

 On remand, the State may elect to have judgment of conviction entered on any single count. The State would not thereby be precluded from a retrial on the remaining four counts. In such a retrial, the jury must determine whether crimes committed on separate days were indeed acts motivated by a separate impulse as charged. In words similar to those suggested by Judge Bivins, 116 N.M. at 318, 862 P.2d at 66, the trial court would instruct the jury:

> Evidence has been presented in this case that, as part of a scheme or plan to embezzle, Defendant had only one single, continuing, sustained intent for all [or certain combinations] of the takings. To find Defendant guilty of more than one embezzlement, the burden is on the State to prove beyond a reasonable doubt that each act charged was the result of a separate and independent impulse. After considering all the evidence, if you have a reasonable doubt that Defendant acted with a separate and independent criminal impulse for each taking charged, you must find him not guilty of more than any one taking [or combination of takings].

As for any relevant "combination", the facts at trial may or may not include the count on which conviction is entered. We are confident that the trial court will resolve any such dilemma as may present itself.

We affirm without discussion the Court of Appeals' resolutions of the other issues raised on appeal. The case is reversed and remanded for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

BACA and FROST, JJ., concur.