This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36561**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID LOW,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Todd B. Hotchkiss, Attorney at Law, LLC
Todd B. Hotchkiss
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant David Low appeals from the restitution component of a judgment and sentence entered pursuant to a plea agreement. He argues the district court failed to (1) recognize the applicable *civil* statute of limitations as barring *criminal* restitution; (2) reduce restitution awarded by the amount already paid by an insurance company to the victim ($25,000); and (3) deduct from restitution claims unrelated to the forgery and

embezzlement charges to which Defendant pled no-contest. We affirm in part and reverse in part.

**BACKGROUND**

**{2}**     Given that the parties are familiar with the facts and details of this case, we only briefly set forth pertinent facts and applicable law in this memorandum opinion. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by non-precedential order, decision, or memorandum opinion under certain circumstances); *see also State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties [and s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]").

**{3}**     Defendant was indicted on fifteen counts of forgery and one alternative count of embezzlement (over $20,000) in April 2012 in connection with his employment at Foreign Accents, a company owned by Patricia Rempen (Victim). On July 31, 2014, Defendant entered a no-contest plea to one count of embezzlement (over $20,000), a second degree felony offense occurring on or between May 4, 2006, and July 6, 2007.

**{4}**     The plea and disposition agreement provided the following pertinent terms and conditions:

> SENTENCING AGREEEMNT: Defendant shall be placed on five (5) years of [s]upervised [p]robation, during which time he will make restitution as determined by probation authorities.
>
>      . . . .
>
> RESTITUTION: Restitution will be ordered in accordance with [NMSA 1978,] Section 31-17-1 [(2005)]. [D]efendant, in cooperation with the probation office, will prepare a restitution plan to be incorporated into the court's sentence. [D]efendant agrees to make restitution on all charges arising out of these DA files even if those charges are dismissed or not filed because of this agreement.

Following Defendant's plea, the district court ordered a presentence report (PSR), which probation authorities completed following an investigation and which recommended restitution in the amount of $72,537.81. Defendant objected, denying responsibility for the total recommended amount of restitution. The district court held a restitution hearing, where Victim and Defendant testified and submitted exhibits. The district court rejected Defendant's objections, sentenced Defendant, and ordered him to pay restitution in the amount of $72,537.81.

**{5}** Defendant moved to amend his conditions of probation pursuant to Rule 5-801 NMRA and Section 31-17-1, a topic addressed by the district court in separate hearings in February and June 2017, between which Defendant filed a memorandum of law. Afterward, the district court entered its final order denying Defendant's motion to amend, noting that the amount of restitution had already been litigated. Defendant appeals.

**DISCUSSION**

**I.      Standard of Review**

**{6}** We review conditions of probation, including the plan of restitution and Defendant's objections, under the abuse of discretion standard. *See State v. Green*, 2015-NMCA-007, ¶ 16, 341 P.3d 10. "To establish an abuse of discretion, it must appear the [district] court acted unfairly or arbitrarily, or committed manifest error." *Id.* ¶ 22 (internal quotation marks and citation omitted). "[A district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. Thus, "even when we review for an abuse of discretion . . . we review the application of the law to the facts de novo." *State v. Hunter*, 2005-NMCA-089, ¶ 20, 138 N.M. 96, 117 P.3d 254 (internal quotation marks and citation omitted).

**{7}** Probation conditions will not be set aside unless they "(1) have no reasonable relationship to the offense for which the defendant was convicted, ([2]) relate to activity which is not itself criminal in nature, and (3) require or forbid conduct which is not reasonably related to deferring future criminality." *Green*, 2015-NMCA-007, ¶ 16 (internal quotation marks and citation omitted). "On appeal, it is [the d]efendant's burden to persuade us that the district court erred and abused its discretion in holding that a reasonable relationship existed between [the d]efendant's . . . convictions and his conditions of probation." *Id.* ¶ 16.

**II.      The Relevant Statute of Limitations Does Not Bar Restitution**

**{8}** Defendant's first contention is that restitution is improper pursuant to Section 31-17-1 because the civil statute of limitations for embezzlement, four years, had expired, and recovery, therefore, is barred. Defendant relies on Section 31-17-1(C)'s limitation that Victim recover only "actual damages." The pertinent definition states, " 'actual damages' means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event[.]" Section 31-17-1(A)(2). Defendant claims that Victim would not have recovered "in a civil action arising out of the same facts or event" because the civil statute of limitations began in 2007 and expired in 2011. We are not persuaded.

**{9}** Defendant pled no-contest to embezzlement (over $20,000), a second degree felony under NMSA 1978, Section 30-16-8(F) (2007). The relevant statute of limitations to a criminal case for a second degree felony is "six years from the time the crime was committed[.]" NMSA 1978, § 30-1-8(A) (2009). The indictment in this case included

Defendant's embezzlement activity occurring between May 4, 2006, and July 6, 2007, which is within the six years of his April 2012 indictment.

{10}   Defendant cites *State v. Platt*, 1992-NMCA-110, ¶ 18, 114 N.M. 721, 845 P.2d 815, in support of his argument that the civil statute of limitations should apply. However, *Platt*'s reliance on a civil statue to bar recovery relates to *damages* that were wholly unrecoverable in a civil action. *See id.* (holding that because an unlicensed contractor cannot recover civil damages for unpaid work in a circumstance where a license would be required, criminal restitution was unavailable for that portion of the unlicensed contractor's labor), *abrogated by State v. Cruz*, 2011-NMSC-038, ¶ 39, 150 N.M. 548, 263 P.3d 890. There is no case law for the proposition that victim restitution must comport with the civil statute of limitations when damages otherwise would be available civilly, rather only that, from the standpoint of calculating criminal restitution, "actual damages" should be limited to what a victim could recover against a defendant in a civil action.

{11}   Furthermore, the plain language of the statute suggests no such interpretation. *See United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 9, 148 N.M. 426, 237 P.3d 728 ("The first guiding principle in statutory construction dictates that we look to the wording of the statute and attempt to apply the plain meaning rule[.]" (internal quotation marks and citation omitted)). In following the plain meaning rule, "[w]e will not read into a statute language which is not there[.]" *Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted). As stated, the reference in Section 31-17-1(A)(2) to a "civil action" relates to the determination of *damages*, not whether restitution is proper or whether the civil statute of limitations should apply. Therefore, we decline to read such language into the statue.

{12}   Moreover, victim restitution is governed by Section 31-17-1. Specifically, Section 31-17-1(I) states, "[t]his section and proceedings pursuant to this section shall not limit or impair the rights of victims to recover damages from the defendant in a civil action." Thus, the statute itself directly clarifies that a civil action is a remedy separate and apart from restitution. For this reason as well, the civil statute of limitations is inapplicable to the restitution ordered in this case. The district court did not err in its judgment denying Defendant's request to bar recovery of the entire amount of restitution based upon application of the civil statute of limitations.

### III.   The District Court Did Not Err in Denying Defendant's Request to Reduce the Amount of Restitution Due to Insurance Proceeds

{13}   Defendant asserts that the district court erred by not reducing the restitution plan by the $25,000 amount already paid to Victim by Allied Insurance under its employee theft coverage. Defendant raised this issue twice in district court, which acknowledged each both times, twice stating its concern that Victim should not be doubly compensated. Nonetheless, based upon the State's representations that Defendant "would be required to pay the insurance company" $25,000 of the restitution ordered,

and that "there was a subrogation claim" made by the insurance company, the district court refused to reduce that restitution amount commensurate with the insurance payment to Victim.

**{14}** We conclude that the district court did not abuse its discretion. First, the insurance company is considered a "victim" under Section 31-17-1 since the insurance company paid insured losses arising out of Defendant's embezzlement. *See State v. Brooks*, 1993-NMCA-078, ¶ 26, 116 N.M. 309, 862 P.2d 57 ("Under the rule of subrogation, an insurance company that has paid on a claim may recover in a civil action from the one who actually caused the loss."), *aff'd in part, rev'd in part*, 1994-NMSC-062, 117 N.M. 751, 877 P.2d 557. Second, restitution against a criminal defendant is "not solely to make the victim of the crime whole again, but also to remind a defendant of his wrongdoing and to require him to repay the costs society has incurred as a result of his misconduct. These reasons are equally valid when an insurance company has been required to pay a claim because of [a d]efendant's activities." *Id.* ¶ 28 (citation omitted). "Indeed, were we to interpret the restitution as narrowly as Defendant urges, the [district] court would be allowed to find that the direct victim of the crime, . . . reimbursed by an insurance company, has not suffered . . . economic loss, thereby precluding an order for restitution[.]" *Id.* Such a construction would be inconsistent with the purpose of restitution established by enactment of Section 31-17-1.

**{15}** Lastly, we recognize that in *Brooks*, the district court ordered that restitution be paid by the defendant directly to the insurance company, whereas in this case, the district court ordered Defendant pay Victim, even though Victim was already paid $25,000. However, as the district court indicated, that aspect of the restitution appropriate in this case is not at issue in a criminal proceeding; rather, it is a subrogation matter between Victim and her insurance company.

## IV. The District Court Erred in Awarding Restitution Unrelated to the Embezzlement Charge for Property Damages But Did Not Err in Awarding Restitution for Missing Rugs

**{16}** Defendant's final issue is that the district court erred in awarding restitution for the (i) damage to an office dumpster for $425, (ii) damage to a recovered rug for $376, and (iii) theft of rugs from Victim's warehouse, known as "Dave's Samples," for $5,706 because those amounts were unrelated to the crime of embezzlement to which Defendant pled. Under Section 30-16-8(A), "[e]mbezzlement consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof."

**{17}** We agree with Defendant that damage to the office dumpster ($425) and to the returned rug ($376) do not qualify as "embezzlement" under the statute, and the State concedes these points on appeal. *See* § 30-16-8(A). We accept the State's concession and therefore reverse the district court's order of restitution.

**{18}** However, the missing rugs, with which Defendant was entrusted as part of his employment, and which he subsequently converted or stole for his own use, directly relate to Defendant's embezzlement conviction. *See State v. Archie*, 1997-NMCA-058, ¶ 8, 123 N.M. 503, 943 P.2d 537 ("When a person having possession of another's property treats the property as his own, whether he uses it, sells it, or discards it, he is using the property for his own purpose."). Defendant also contends that the time period of the charged crime, "occurring on or between May 4, 2006 and July 6, 2007" places the alleged theft of the rugs in October and September 2007, outside the scope of the conviction. However, Defendant's plea agreement incorporates "all charges arising out of these [district attorney] files even if those charges are dismissed or not filed because of this agreement" as a proper basis for restitution. The district court did not abuse its discretion by including the missing rugs in its restitution award.

**CONCLUSION**

**{19}** For the reasons set forth above, the rulings of the district court are affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

**{20}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**